```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - -x
In re:                              :

BELVEDERE DEVELOPERS, LLC           :   BK No. 05-15710
          Debtor                            Chapter 11
- - - - - - - - - - - - - - - - - -x
```

**ORDER**

APPEARANCES:

    Peter J. Furness, Esq.
    Attorney for Debtor
    BRENNAN, RECUPERO, CASCIONE,
    SCUNGIO & McALLISTER, LLP
    362 Broadway
    Providence, Rhode Island 02909

    Jeffrey S. Brenner, Esq.
    Attorney for Center Development Corporation
    NIXON PEABODY LLP
    One Citizens Plaza, Suite 500
    Providence, Rhode Island 02903

    Richard C. Pedone, Esq.
    Attorney for Center Development Corp.
    NIXON PEABODY LLP
    100 Summer Street
    Boston, Massachusetts 02110-2131

    Jennifer V. Doran, Esq.
    Attorney for Joseph M. Brito
    HINCKLEY ALLEN & SNYDER LLP
    28 State Street
    Boston, Massachusetts 02109

    Matthew J. McGowan, Esq.
    Attorney for Harkins Development Co.
    SALTER McGOWAN SYLVIA & LEONARD, INC.
    321 South Main Street
    Providence, Rhode Island 02903

    Leonard DePasquale, Esq., AUST
    Office of the United States Trustee
    10 Dorrance Street
    Providence, Rhode Island 02903

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 05-15710

Before the Court are: (1) Center Development's Third Motion for Relief from Stay, to which the Debtor objects; and (2) the adequacy of the Debtor's Second Amended Disclosure Statement. At today's hearing it was disclosed to the Court that Harkin Development, the initial suitor for the Debtor's assets has raised its bid for the property to $2.9 Million in cash, with no contingencies and a closing by April 28, 2006. Harkin also agreed to make a $100,000 cash deposit to secure its performance under a purchase and sales agreement. Harkin represented that it wishes to expedite this process because the Debtor's Master Plan Approval with the Town of Bristol has lapsed and that its Zoning approval is due to lapse on June 1, 2006. Also part of the Harkin offer is to pay Mr. Brito $600,000 plus reasonable attorney fees at the closing, to resolve Brito's right of first refusal on a portion of the Debtor's property.

The parties have been before this Court on many occasions and the Court is very familiar with the acrimonious background and contentious issues in this case. Given the present tensions that exist between the interested parties, this case appears ripe for the appointment of a Chapter 11 Trustee, especially in light of the lapse, and pending expiration of important approvals from the Town of Bristol. However, in light of the most recent developments and revised timetable for closing, I will refrain from appointing a

1

trustee, *sua sponte*, for now.  Instead, an auction will be held, on an expedited basis.

To assist in bringing this matter to a quick and efficient resolution, the Debtor is ORDERED to file a Motion to Sell the real estate in question, pursuant to 11 U.S.C. § 363, to Harkins or its nominee on the terms and conditions set forth on the record by Mr. McGowan this afternoon, but with the following additions:  Pursuant to the Consent Order entered into by the parties on January 11, 2006, no purchaser may pay Center Development more than $800,000 on account of its secured claim.  *See* Document No. 134.  Any amounts Center believes it is owed by this estate beyond the agreed $800,000 shall be determined via the claims objection process, and said claim may not be negotiated as part of any sale.  Said Motion to Sell shall be filed by Wednesday, April 12, 2006, at 4:30 P.M. If the Debtor elects not to file a motion to sell, the Court will appoint a Chapter 11 Trustee forthwith.

Any objections and/or higher bids shall be filed on or before Friday, April 21, 2006, at 4:30 P.M.  All other bids must be identical in form to the Harkin bid, including the treatment of Brito, and Center Development Corporation.[1]  In this regard, a signed copy of the Debtor's purchase and sale agreement with

---

[1]  Offers that would require the Court to compare apples with oranges will not be considered.

BK No. 05-15710

Harkins shall be attached to its notice of sale.  The Debtor's Motion to Sell will be heard on Tuesday, April 25, 2006, at 10:30 A.M.  If higher eligible bids are received, the Debtor shall conduct an auction, on the record, prior to the commencement of the hearing on Tuesday April 25th, and the Debtor shall report the results of said auction forthwith.

The Debtor is ordered to serve a copy of its Motion to Sell on all parties who have expressed interest in the Debtor's real estate, and said service shall be completed to insure that all parties receive a copy of the motion by the close of business on April 13, 2006.  The Court will defer ruling on the adequacy of the Debtor's disclosure statement until after the contemplated sale, as the plan may need to be amended once again.  Center's Third Motion for Relief from Stay is DENIED, without prejudice.

Dated at Providence, Rhode Island, this    11th      day of April, 2006, at 6:20 p.m.

_____
Arthur N. Votolato
U.S. Bankruptcy Judge

Entered on docket: 4/11/2006

3